UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES L. WOOLWINE,

            Plaintiff,

      v.

JO ANNE B. BARNHART, Commissioner of Social Security

            Defendant.

Case No.  C05-5433KLS

ORDER TO SHOW CAUSE

    This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and a complaint to review and set aside a decision of the Social Security Administration under 42 U.S.C. § 405(g).  To file a petition and initiate legal proceedings plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.

    By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his cause of action.  Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
> (1) Complete the in forma pauperis affidavit approved for use in this district; and
> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or

ORDER
Page - 1

approves as compensation for the attorney's services.

On August 2, 2005, the court ordered plaintiff to file a copy of the required written consent. On August 18, 2005, a copy of the written consent was filed. However, that consent was signed by plaintiff's attorney, and not by plaintiff himself.

In addition, upon further review of plaintiff's application, the court notes plaintiff reported owning mobile home rental properties in the amount of $80,000.00, and that he received what appears to have been $10,500.00 in rental income from that property during the past twelve months (from the date of plaintiff's application). What is not clear, however, is the extent and nature of any debts plaintiff has with respect to those properties or otherwise. As such, the court has an insufficient basis upon which to determine plaintiff's *in forma pauperis* status at this time.

Accordingly, the Court hereby finds and ORDERS as follows:

(1) Plaintiff shall seek to cure these deficiencies by filing **no later than September 29, 2005**,

(a) the written consent required by Local Rule CR 3(b) signed and dated by plaintiff; and

(b) further information concerning the extent and nature of any debts plaintiff has with respect to his rental properties or otherwise.

**Failure to cure thes deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the court will recommend dismissal of this matter.**

(2) The clerk is directed to send a copies of this Order and the written consent form to counsel for plaintiff.

DATED this 29th day of August, 2005.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2